UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON BERRY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6490** |
| **NATIONAL LABOR**<br>**RELATIONS BOARD,**<br>    **Defendant** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Quash Administrative Subpoena filed by Plaintiff Milton Berry ("Berry").[1] Defendant, the National Labor Relations Board, opposes the motion.[2] The Court has considered these briefs, the record, and the applicable law, and now issues its ruling. For the reasons that follow, the motion is **DENIED**.

## BACKGROUND

On August 26, 2010, the National Labor Relations Board (the "Board") issued a Decision and Order, finding that M&B Services, Inc. ("M&B"), engaged in certain unfair labor practices and, thus, had violated the National Labor Relations Act.[3] The Board ordered M&B Services, Inc., to, *inter alia*, make its employees whole by paying them contractually required wage increases retroactive to September 1, 2008.[4] The United States Court of Appeals for the Fifth Circuit then entered a Judgment and Mandate on December 13, 2010, enforcing the Board's Decision and Order and requiring M&B Services, Inc., and "its officers, agents, successors, and assigns" to comply.[5]

---

[1] R. Doc. 14. The motion was originally filed at Record Document 3 but was marked deficient. *See* R. Doc. 4. Plaintiff corrected the deficiencies and refiled the motion, which is on the record at Record Document 14.
[2] R. Doc. 9.
[3] R. Doc. 10-2 at 1–2. The Board's August 26th Decision and Order adopted and incorporated by reference its earlier May 29, 2009 Order (R. Doc. 10-3).
[4] R. Doc. 10-2; R. Doc. 10-3 at 3–4.
[5] *See generally* R. Doc. 10-1.

1

Thereafter, because M&B allegedly failed to comply with the Fifth Circuit's Judgment and Mandate, the Board issued a Compliance Specification pursuant to Sections 102.54 and 102.55 of the Board's Rules and Regulations.[6] The Compliance Specification noted that "controversies exist over whether M&B, Berry Services, Inc. (Berry I), Berry Transportation, LLC, and Berry Services, Inc. (Berry II) [collectively, the Companies], are a single employer and jointly liable" and whether Milton Berry and Carolyn Berry—the sole owners and officers of the Companies—are personally liable.[7] The Compliance Specification thus added the Companies as additional corporate respondents who are jointly liable to fulfill the remedial obligations of the Board's Decision and Order.[8] The Compliance Specification also alleged that Milton and Carolyn Berry are personally, jointly, and severally liable to fulfill those remedial obligations, based on their failure "to adhere to corporate formalities in the management and direction of the Companies."[9]

The Compliance Specification advised the Companies, along with Milton and Carolyn Berry, that they were required to file an answer by December 14, 2014, and that if they failed to answer, the allegations in the Compliance Specification would be deemed true.[10] The failure to file an answer, according to the Compliance Specification, would thereafter preclude the Companies and Milton and Carolyn Berry from controverting the allegations contained therein.[11]

No answers were filed, and on February 12, 2015, the NLRB's general counsel filed a motion for default judgment.[12] The Board then issued two Notices to Show Cause,

---

[6] R. Doc. 10-4.
[7] R. Doc. 10-4 at 2–3.
[8] R. Doc. 10-4 at 3–4.
[9] R. Doc. 10-4 at 4.
[10] R. Doc. 10-4 at 29–30.
[11] R. Doc. 10-4 at 29–30.
[12] R. Doc. 10-5 at 2.

allowing the Companies and the Berry's an opportunity to respond to the allegations.[13] No responses were filed. As a result, the Board entered default judgment and issued a Supplemental Decision and Order, which addressed the amount of backpay due and concluded that the Companies and Milton and Carolyn Berry, personally, were jointly and severally liable for that amount.[14] As of the date of the Supplemental Decision and Order, the amount owed was $223,891.00.[15]

Because the Board's Supplemental Decision and Order concluded that Milton and Carolyn Berry were personally liable,[16] the Board's Contempt, Compliance, and Special Litigation Branch initiated an investigation into Milton and Carolyn Berry's finances. It was during this investigation that the Board issued administrative subpoenas to First NBC Bank; Jefferson Financial Credit Union; Liberty Bank; Regions Bank; and Specialized Loan Servicing, LLC.[17] The subpoenas seek copies of records and other documents pertaining to various financial accounts maintained by Milton and Carolyn Berry.[18] Berry then filed a motion to quash the subpoenas.[19] This motion to quash is presently before the Court for consideration.

## **LAW AND ANALYSIS**

Pursuant to the Right to Financial Privacy Act ("RFPA"), the Government may obtain financial records pursuant to an administrative subpoena only if, as an initial matter, "there is reason to believe that the records sought are relevant to a legitimate law

---

[13] R. Doc. 10-6 at 2; R. Doc. 10-7 at 2.
[14] *See generally* R. Doc. 10-8.
[15] R. Doc. 10-8 at 26.
[16] R. Doc. 10-8 at 3.
[17] *See* R. Doc. 10-9.
[18] R. Doc. 10-9.
[19] R. Doc. 9.

enforcement inquiry."[20] The customer may oppose the subpoena by filing a motion to quash within 10 days of service, or within 14 days of the mailing, of the subpoena.[21] If a motion to quash is filed, the court must deny the motion unless the movant can show some factual basis supporting the movant's argument that the records sought are not relevant to a legitimate law enforcement inquiry.[22] "The movant has the initial burden of presenting a prima facie case that government access to his financial records would be improper."[23] The motion must include "more than simply conclusory allegations of irrelevancy,"[24] and "the question of relevancy with respect to administrative subpoenas is broad."[25]

In this case, Berry filed a motion to quash, arguing that the administrative subpoenas issued by the Board are not relevant to the ongoing investigation.[26] Berry notes the subpoenas seek his personal financial information but argues that the Companies were either incorporated or organized as limited liability entities, which should shield him from personal liability altogether.[27] Having reviewed the motion and the arguments contained therein, the Court finds that Berry has failed to carry his burden. Berry has not presented a prima facie case that government access to his personal financial records would be improper.[28]

---

[20] 12 U.S.C. § 3405.
[21] *Id.*
[22] *See, e.g., Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C. 1990); *Salm v. N.L.R.B.*, No. 08-MC-0124 (JS), 2009 WL 2182388, at *2 (E.D.N.Y. July 20, 2009); *Fleming v. SEC*, No. M-29, 1996 WL 660909, at *1 (S.D.N.Y. Nov. 13, 1996).
[23] *Salm*, 2009 WL 2182388, at *2 (quoting *Panaro v. United States*, No. 86-CV-4122, 1987 WL 15951, at *1 (E.D.N.Y. Aug. 5, 1987)) (internal quotation marks omitted). *See also Thomas v. U.S. Dep't of Homeland Sec.*, 876 F. Supp. 2d 1, 6 (D.D.C. 2012); *Nimmer v. Sec. and Exch. Comm'n*, No. 8:11-CV-162, 2011 WL 3156791, at *1 (D. Neb. July 26, 2011).
[24] *Salm*, 2009 WL 2182388, at *2 (citing *Panaro*, 1987 WL 15951, at *1).
[25] *Id.* (citing *Brooklyn Manor Corp. v. NLRB*, No. 99-MC-117, 1999 WL 1011935 (E.D.N.Y. Sept. 22, 1999)).
[26] R. Doc. 14 at 3.
[27] R. Doc. 14 at 3.
[28] *See Salm*, 2009 WL 2182388, at *2.

4

First, Berry's argument that his personal finances are irrelevant to the Board's Decision and Order is inapposite. The Board alleged in its Compliance Specification, and concluded in its Supplemental Decision and Order, that Milton and Carolyn Berry are personally liable because they failed to adhere to corporate formalities in directing the Companies.[29] This necessarily created a legitimate law enforcement interest in Milton's and Carolyn's personal finances.

Second, the motion to quash effectively raises an issue that has already been decided, *i.e.*, whether Milton and Carolyn are personally liable for the debts of the Companies. It is well established that the movant cannot "interpose a defense of an underlying unfair labor practice charge in a subpoena enforcement action."[30] Berry had ample opportunity to raise this defense during the administrative proceedings before the NLRB but failed to do so.[31] The Board found in its Supplemental Decision and Order that Milton and Carolyn Berry are personally liable, and Berry is consequently precluded from controverting that finding at this stage.

Third, the Court notes that Berry's motion to quash was not filed timely. The Board mailed, via overnight mail, notice of the bank subpoenas to Berry on November 12, 2015.[32] Berry was thus required to file his motion to quash no later than November 26, 2015—within 14 days of the mailing.[33] Berry did not file the motion to quash until December 3, 2015.[34]

---

[29] R. Doc. 10-4 at 2–4; R. Doc. 10-8 at 3.
[30] *N.L.R.B. v. Line*, 50 F.3d 311, 315 (5th Cir. 1995) (citing *D.G. Bland Lumber Co. v. NLRB*, 177 F.2d 555, 557 –58 (5th Cir. 1949); *NLRB v. Dutch Boy, Inc.*, 606 F.2d 929, 933 (10th Cir. 1979). *See also NLRB v. C.C.C. Assocs.*, 306 F.2d 534, 538 (2d Cir. 1962);
[31] *See* BACKGROUND, *supra.*
[32] *See* R. Doc. 10-9.
[33] 12 U.S.C. §§ 3405, 3410.
[34] Berry originally filed the motion to quash on December 3, 2015 (R. Doc. 3), but it was marked deficient. Berry refiled the motion on December 21, 2015. *See* R. Doc. 14.

5

## CONCLUSION

For the foregoing reasons, the motion to quash administrative subpoena is hereby **DENIED**. Berry has failed to show that government access to his personal financial records would be improper.

**New Orleans, Louisiana, this 23rd day of December, 2015.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**