UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON BERRY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6490** |
| **NATIONAL LABOR RELATIONS BOARD,**<br>    **Defendant** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by the National Labor Relations Board.[1] For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

On August 26, 2010, the National Labor Relations Board ("Board") issued a Decision and Order, finding that M&B Services, Inc., engaged in certain unfair labor practices and, thus, had violated the National Labor Relations Act.[2] The Board ordered M&B Services, Inc. to, *inter alia*, make its employees whole by paying them contractually required wage increases retroactive to September 1, 2008.[3] The United States Court of Appeals for the Fifth Circuit then entered a judgment and mandate on December 13, 2010, enforcing the Board's Decision and Order and requiring M&B Services, Inc., and "its officers, agents, successors, and assigns" to comply.[4]

Thereafter, because M&B Services, Inc. allegedly failed to comply with the Fifth Circuit's judgment and mandate, the Board issued a Compliance Specification pursuant

---

[1] R. Doc. 17.
[2] R. Doc. 10-2 at 1–2. The Board's August 26th Decision and Order adopted and incorporated by reference its earlier May 29, 2009 Order (R. Doc. 10-3).
[3] R. Doc. 10-2; R. Doc. 10-3 at 3–4.
[4] *See generally* R. Doc. 10-1.

1

to Sections 102.54 and 102.55 of the Board's Rules and Regulations.[5] The Compliance Specification noted that "controversies exist over whether M&B, Berry Services, Inc. (Berry I), Berry Transportation, LLC, and Berry Services, Inc. (Berry II) [collectively, "the Companies"], are a single employer and jointly liable" and whether Milton Berry and Carolyn Berry—the sole owners and officers of the Companies—are personally liable.[6] The Compliance Specification thus added the Companies as additional corporate respondents who are jointly liable to fulfill the remedial obligations of the Board's Decision and Order.[7] The Compliance Specification also alleged that Milton and Carolyn Berry are personally, jointly, and severally liable to fulfill those remedial obligations, based on their failure "to adhere to corporate formalities in the management and direction of the Companies."[8]

The Compliance Specification advised the Companies, along with Milton and Carolyn Berry, that they were required to file an answer by December 14, 2014, and that if they failed to answer, the allegations in the Compliance Specification would be deemed true.[9] The failure to file an answer, according to the Compliance Specification, would thereafter preclude the Companies and Milton and Carolyn Berry from controverting the allegations contained therein.[10]

No answers were filed, and on February 12, 2015, the Board's general counsel filed a motion for default judgment.[11] The Board then issued two notices to show cause, allowing the Companies and the Berrys an opportunity to respond to the allegations.[12] No

---

[5] R. Doc. 10-4.
[6] R. Doc. 10-4 at 2–3.
[7] R. Doc. 10-4 at 3–4.
[8] R. Doc. 10-4 at 4.
[9] R. Doc. 10-4 at 29–30.
[10] R. Doc. 10-4 at 29–30.
[11] R. Doc. 10-5 at 2.
[12] R. Doc. 10-6 at 2; R. Doc. 10-7 at 2.

responses were filed. As a result, on June 15, 2015, the Board entered default judgment and issued a Supplemental Decision and Order, which addressed the amount of backpay due and concluded that the Companies and Milton and Carolyn Berry, personally, were jointly and severally liable for that amount.[13] As of the date of the Supplemental Decision and Order, the amount owed was $223,891.00.[14]

Because the Board's Supplemental Decision and Order concluded that Milton and Carolyn Berry were personally liable,[15] the Board's Contempt, Compliance, and Special Litigation Branch initiated an investigation into Milton and Carolyn Berry's finances. During this investigation, the Board issued administrative subpoenas to First NBC Bank; Jefferson Financial Credit Union; Liberty Bank; Regions Bank; and Specialized Loan Servicing, LLC.[16] The subpoenas sought copies of records and other documents pertaining to various financial accounts maintained by Milton and Carolyn Berry.[17]

On November 5, 2015, the Board filed an application for summary enforcement of the supplemental order.[18] Berry did not file a response before the Fifth Circuit.[19] The Fifth Circuit issued an order and judgment on January 6, 2016, granting summary enforcement of the Board's supplemental order.[20]

On December 3, 2015, Milton Berry filed the suit presently before this Court requesting that the Court relieve him of the Board's order requiring that the Companies and Milton and Carolyn Berry pay $223,891 in backpay and more than $43,000 in

---

[13] *See generally* R. Doc. 10-8.
[14] R. Doc. 10-8 at 26.
[15] R. Doc. 10-8 at 3.
[16] *See* R. Doc. 10-9.
[17] R. Doc. 10-9.
[18] *See NLRB v. M&B Servs., Inc., et al.*, No. 15-60783 (5th Cir.).
[19] *See id.*
[20] *Id.*

interest.[21] In his complaint, Berry also sought "an order preventing the National Labor Relations Board from obtaining access to [his] financial records."[22] Berry filed a motion to quash the administrative subpoenas seeking copies of Berry's financial records and documents.[23] The Court denied the motion to quash the subpoenas on December 23, 2015.[24]

On January 7, 2016, the Board filed a motion to dismiss this matter for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).[25] Berry has not filed an opposition, which was due January 19, 2016.[26]

## LAW AND ANALYSIS

The party asserting subject-matter jurisdiction bears the burden of proof for a motion to dismiss under Rule 12(b)(1).[27] Indeed, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[28] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[29] The district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."[30] "The standard of Rule 12(b)(1), 'while similar to the standard of Rule 12(b)(6), permits

---

[21] *Id.*
[22] R. Doc. 1 at 2.
[23] R. Doc. 14. The motion to quash was initially filed on December 3 but was deemed deficient by the Court. *See* R. Doc. 3.
[24] R. Doc. 15.
[25] R. Doc. 17.
[26] *Id.*; LR 7.5.
[27] *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (per curiam); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[28] *Ramming*, 281 F.3d at 161.
[29] *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir.2005)).
[30] *Id.* (internal quotation marks omitted).

4

the court to consider a broader range of materials in resolving the motion.'"[31] The Fifth Circuit has explained that courts may dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[32]

The National Labor Relations Act confers power on the Board "to prevent any person from engaging in any unfair labor practice . . . affecting commerce."[33] The Act provides that "[a]ny person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business . . . ."[34] Thus, the Act provides a course of judicial review of a final order issued by the Board in the courts of appeals rather than the district court.[35] "Under the decisions of the Supreme Court and the courts of appeals it has long been established that the phrase 'a final order of the Board[,]' as used in this section, refers solely to an order of the Board either dismissing a complaint in whole or in part or directing a remedy for the unfair labor practices found."[36]

---

[31] *Martin v. Halliburton*, 618 F.3d 476, 481 n.5 (5th Cir. 2010) (quoting *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008)).
[32] *Ramming*, 281 F.3d at 161; *Clark v. Tarrant Cty., Texas*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981)).
[33] 29 U.S.C. § 160(a).
[34] 29 U.S.C. § 160(f).
[35] *Id. See also Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48 (1938) ("The District Court is without jurisdiction to enjoin hearings because the power 'to prevent any person from engaging in any unfair practice affecting commerce' has been vested by Congress in the Board and the Circuit Court of Appeals, and Congress has declared: 'This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise.'" (citations omitted)); *Bokat v. Tidewater Equip. Co.*, 363 F.2d 667, 673 (5th Cir. 1966); *Sanderson Farms, Inc. v. N.L.R.B.*, No. 14-CV-126, 2015 WL 1711618, at *2 (S.D. Miss. Apr. 15, 2015).
[36] *Shell Chem. Co. v. N. L. R. B.*, 495 F.2d 1116, 1120 (5th Cir. 1974).

Berry seeks relief from the Court that relieves him of the Board's "demand" for $223,891 in backpay and more than $43,000 in interest.[37] The Board issued a Decision and Order, finding that M&B Services, Inc., engaged in certain unfair labor practices and, thus, had violated the National Labor Relations Act.[38] In its Supplemental Decision and Order, the Board concluded that the Companies and Milton and Carolyn Berry personally were jointly and severally liable for the amount of backpay due.[39] The relief Berry seeks clearly requires review of orders issued by the Board that "direct[] a remedy for the unfair labor practices found"[40] and that are thus final orders of the Board. Therefore, this Court lacks jurisdiction, and this matter must be dismissed.[41]

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that the Board's motion to dismiss for lack of subject-matter is **GRANTED**. This matter is hereby **DISMISSED WITHOUT PREJUDICE**.

**New Orleans, Louisiana, this 19th day of April, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[37] R. Doc. 1 at 2.
[38] R. Doc. 10-2 at 1–2.
[39] R. Doc. 10-8.
[40] *Shell*, 495 F.2d at 1120.
[41] The Court need not consider whether the complaint fails to state a claim pursuant to Rule 12(b)(6).